UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **STACEY VANDERGRIFF, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | Case No.: 4:18-cv-01635-ACA |
| ] | |
| **OLYMPIA MANAGEMENT INC,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

Currently before the court is Plaintiffs' motion to conditionally certify this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and to facilitate notice to potential class members. (Doc. 15). Plaintiffs also request that the court order Defendant Olympia Management, Inc. ("OMI") to produce the names and contact information for potential class members and that the court allow for a sixty day opt-in period. (Doc. 15-2 at 3).

Because Plaintiffs have satisfied their burden of showing the existence of similarly situated employees who are interested in opting into this lawsuit, the court **GRANTS** the motion for conditional certification. However, the court **DENIES** the motion to approve Plaintiffs' proposed notice of the collective action

**WITHOUT PREJUDICE** because the class definition included in that notice is overly broad.

I.  **BACKGROUND**

Because this motion comes before the court at an early stage in the litigation, the court's "decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). Accordingly, the court draws its description of the background facts from Plaintiffs' amended complaint as well as the affidavits submitted to the court in connection with this motion.

OMI provides property management services across the Southeastern United States. (Doc. 14 at 3 ¶ 10). Plaintiffs Stacey Vandergriff and Vickie Dickerson were employed as resident property managers at two properties operated by OMI. (Doc. 15-2 at 9, 11). Throughout their employment, OMI classified the Plaintiffs as hourly, non-exempt employees (*id.* at 9 ¶ 6, 11 ¶ 7), meaning that the FLSA required OMI to pay them a statutorily mandated minimum wage, 29 U.S.C. § 206(a)(1), and at least one and a half times their regular rate of pay for each hour worked over forty hours per week, 29 U.S.C. § 207(a)(2).

Although OMI assigned Plaintiffs less than forty hours of work per week, it also required them to remain "on call" twenty-four hours a day, seven days a week. (Doc. 15-2 at 9 ¶¶ 8–9, 11 ¶¶ 9–10). Plaintiffs' "on call" responsibilities included

collecting rental payments, distributing keys to tenants, returning telephone calls, and addressing a variety of maintenance concerns. (Doc. 18-1 at 6–10; Doc. 18-3 at 3; Doc. 18-5 at 4). They allege that OMI's on-call policy required them to work more than forty hours per week but that OMI did not pay them for time spent performing these duties outside of their regular work schedules. (Doc. 15-2 at 10 ¶¶ 11–14, 12 ¶¶ 12–15).

Plaintiffs' amended complaint seeks to recover unpaid minimum wage and overtime compensation under the FLSA. (Doc. 14 at 1). They bring their claims on behalf of themselves and a putative class consisting of "Resident Property Managers who were required to be on call and were not compensated for all hours worked along with not being compensated for hours worked in excess of 40 hours per week." (Doc. 14 at 9 ¶ 35).

## II. DISCUSSION

Section 216(b) of the FLSA allows individual employees to bring a collective action suit on "behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b). The decision to implement the collective action procedure is soundly within the discretion of the district court. *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). The Eleventh Circuit has recommended a two-stage procedure to determine whether it is appropriate to maintain an FLSA case as a collective action. *Dybach v. State of Florida Dep't of*

*Corrections*, 942 F.2d 1562 (11th Cir. 1991); *see also Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). At the first stage, conducted early in the case, the court "evaluate[s] the case under a lenient standard" and determines whether to grant preliminary certification of an opt-in class. *See Hipp*, 252 F.3d at 1217, 1219. At the second stage, conducted after the parties have engaged in discovery, the court re-evaluates the propriety of that certification and can, if necessary, decertify the class. *Id.* at 1217–19. The motion currently before the court is for the preliminary, conditional certification.

Conditional certification is appropriate if the plaintiffs can demonstrate that there are (1) other similarly situated employees (2) who are interested in opting in to the lawsuit. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). Plaintiffs bear the burden of making that showing, but the burden is light; they need only show a "reasonable basis" for their claim that similarly situated employees are interested in opting-in to the suit. *Id.* They can do so by providing "detailed allegations supported by affidavits." *Id.*

Neither the FLSA nor the Eleventh Circuit has defined "similarly situated" for purposes of collective actions. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008). But the Eleventh Circuit has stated that the plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson*, 79 F.3d at 1096. The

Court has also indicated that some considerations include the similarities in job requirements and pay provisions. *See Dybach*, 942 F.2d at 1567–68.

In support of their motion for certification, Plaintiffs present affidavits from themselves and one other OMI resident property manager, each attesting that OMI's resident property managers were hourly, non-exempt employees; were subject to the on-call policy; and regularly performed off-the-clock work in excess of forty hours per week, all with OMI's knowledge. (Doc. 15-2 at 9–14). Plaintiffs also present evidence that all of the resident property managers share the same job duties. (*Id.* at 7–8, 15–16). Moreover, Plaintiffs attest that they "believe" other employees would join this suit if given the opportunity (*id.* at 10, 12), and the third resident property manager attests that she will opt in if the court grants conditional certification (*id.* at 13).

OMI responds that Plaintiffs have failed to demonstrate that members of the proposed class are similarly situated. (Doc. 19 at 1-2). Its primary arguments are that Plaintiffs have not produced sufficient evidence to counter its evidence that it did not have an on-call policy or, alternatively, that being "on call" does not violate the FLSA. (*Id.* at 11–17). Those arguments, however, are premature. The only question at this point is whether Plaintiffs have shown a "reasonable basis" for their claim that similarly situated employees are interested in opting into this lawsuit. *See Grayson*, 79 F.3d at 1097. On that question, OMI argues only that

uniform job duties and compensation are not enough to be considered similarly situated for purposes of collective action certification, and that it has presented evidence that its property managers managed different numbers of properties, with different numbers of units in each property, composed of different demographics with varying needs from the resident property manager. (Doc. 19 at 17–20).

The court finds that Plaintiffs' evidence establishes a "reasonable basis" for their claim that similarly situated employees exist. They have presented some evidence that OMI has other resident property managers who perform the same work and are subject to the same on-call policy, requiring them to perform unpaid work and work in excess of forty hours per week. Accordingly, the next question is whether those similarly situated employees wish to participate in this action. *See Grayson*, 79 F.3d at 1097.

To make that showing, Plaintiffs have presented an affidavit from a former resident manager who wishes to opt in to the litigation. (Doc. 15-2 at 13-14). Although this evidence is by no means overwhelming, the court finds Plaintiffs have met the fairly lenient burden imposed at this initial stage. *Hipp*, 252 F.3d at 1218 ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."). Accordingly, the court finds that Plaintiffs have shown the

existence of other similarly situated employees who wish to opt in to this action, and concludes that conditional certification of the putative class is proper.

In addition to conditional certification, Plaintiffs request that the court facilitate notice to potential class members. (Doc. 15). The court is authorized to do so, but must first ensure that the notice is "timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–72 (1989). Plaintiffs' proposed notice seeks to define the putative class as "all Property Managers who worked for Defendant on an hourly basis at any time during October 5, 2015 through the present." (Doc. 15-2 at 2). Plaintiffs describe the intended recipients as"[a]ll individuals employed by Olympia Management, Inc. at any of its facilities at any time between October 5, 2015 and the present who are or were paid as non-exempt, hourly employees." (Doc. 15-2 at 1). The court finds that Plaintiffs' class definition is too broad as it appears to encompass many employees who do not fit within the proposed class discussed above. Accordingly, the court **DENIES** Plaintiffs' request to approve the proposed notice **WITHOUT PREJUDICE**.

## III. CONCLUSION

The court **GRANTS** Plaintiffs' motion for conditional certification but **DENIES** the request to approve the proposed notice **WITHOUT PREJUDICE**. The court **DIRECTS** the parties to meet and confer, **on or before July 10, 2019**, either in person or by telephone, to discuss the form of the proposed notice and

consent forms. **On or before July 17, 2019,** the parties shall submit to the court either: (a) jointly-proposed forms and a proposed order approving those forms, or (b) separately proposed forms attached to a joint memorandum, not to exceed five pages, that sets forth the parties' respective reasons for the differing language.

      **DONE** and **ORDERED** this June 10, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE